IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DON LIPPERT, B74054, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JEREMY KOHN, LACIE LIVINGSTON, DEANNA BROOKHART, JOHN DOES 1-4, JANE DOES 1-4, MS. WALKER, TRAVIS BAYLER, ROB JEFFREYS. | ) ) ) ) ) ) ) ) ) | Case No. 21-cv-423-DWD |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Don Lippert, an inmate of the Illinois Department of Corrections (IDOC) currently housed at Illinois River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was being housed at Lawrence Correctional Center (Lawrence). (Doc. 1). The defendants are correctional food service supervisors, the dietary manager, and grievance review officials. Plaintiff claims that the defendants were aware of his Type I Diabetes, but they failed to provide him with an adequate diet and failed to respond to his grievances about the same. Plaintiff seeks compensatory damages.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

Plaintiff alleges that he suffers from Type 1 diabetes, which was diagnosed prior to his incarceration. He alleges that soon after he arrived at Lawrence, around March 14, 2018, he was placed in the diabetes database. (Doc. 1 at 4). As a part of his diabetic care, Plaintiff claims that he should be on a "Low concentrated sweets/HS Snack 'LCS' diet." He further alleges that on March 18, 2020, he was specifically prescribed this diet by Dr. Pittman, and that IDOC has a policy for said diet. He claims that despite his known need for diabetic care, defendants have repeatedly failed to provide a diet within an appropriately strict range, or to respond to his grievances about the same.

Plaintiff alleges that he was fearful for his health, so he filed two grievances concerning the issue on June 18, 2019, and on April 19, 2020. He claims that the defendants rubber stamped these grievances and failed to properly oversee the facility or compliance with policies. As a result, he brings one claim related to his June 18, 2019 grievance, and one related to his April 19, 2020 grievance. He alleges that the individuals named in those grievances failed to adhere to his diet and that those who reviewed the grievances were deliberately indifferent to his needs.

Plaintiff attached both grievances.  In the June 18, 2019, grievance, Plaintiff alleged that dietary manager, Defendant Kohn, failed to give him double portions of approved snack bags on June 17 and 18, 2019.  (Doc. 1 at 26).  He asked that Kohn be suspended without pay for 6 months as a result of this issue.  Counselor Christopher Waltz responded on June 20, 2019, indicating that staff informed him that they followed the therapeutic diet manual and that they serve all meals in accordance with IDOC policy.  (*Id.*)  The grievance officer, Defendant Livingston, noted that Plaintiff had a therapeutic diet order, but that staff informed him that meals are served in accordance with the IDOC policy.  (Doc. 1 at 25).  Livingston determined that the grievance could not be substantiated.  The Chief Administrative Officer ("CAO") concurred.  At the administrative review board ("ARB") level, Defendant Bayler found that staff misconduct could not be substantiated, and Defendant Rob Jeffreys concurred.  (Doc. 1 at 27).

In the April 19, 2020, grievance, Plaintiff alleged that on 3/13/2020, 4/10/2020, 4/13/2020, 4/18/2020 and 4/19/2020, he did not receive meals that complied with his therapeutic diet.  (Doc. 1 at 29-30).  He asked that his diet be adhered to, that parties involved be punished, and that he receive individual responses about the incidents on these dates.  In response, the counselor indicated that Plaintiff's diet had lapsed, and that Dr. Pittman renewed the prescription for his therapeutic diet on March 18, 2020.  After that date all dietary guidelines were followed, and some of the items complained about can be allowed under the master dietary guide based on the other items served that same day.  Defendant Livingston found that the master menu was followed for therapeutic

diets. (Doc. 1 at 28). The CAO concurred. (*Id.*). At the ARB level, Defendant Bayler noted that dietary at the institution follows the master menu for therapeutic diets, and Defendant Jeffreys concurred. (Doc. 1 at 31).

## Analysis

To bring a successful claim under § 1983, the claim must be associated with an identified constitutional right, and it must describe personal actions taken by the defendants that violated said right. For example, a plaintiff can state a claim for deliberate indifference to a serious medical need under the Eighth Amendment. To hold a defendant liable for deliberate indifference to a medical need, a plaintiff must establish the existence of a serious injury or illness, as well as intentional or reckless indifference to said condition by a defendant. *See e.g. Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Prisoners do not have a substantive right to a grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Additionally, "prison officials who simply processed or reviewed inmate grievances lack person involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Despite inmates having a limited ability to seek redress for the handling of grievances, the Seventh Circuit recognizes a narrow right to relief for a prisoner who alleges that his grievances made officials aware of a serious medical condition, and their knowing failure to act on the grievance caused him to suffer ongoing serious harm. *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015).

Here, Plaintiff alleges that the defendants violated his rights by failing to satisfactorily respond to two grievances about the dietary departments handling of the

condition. The two grievances identified in this lawsuit concern the denial of extra snack bags on two occasions, and the provision of an improper meal tray on five occasions. Plaintiff alleges that rather than thoroughly investigate the incidents, the grievance officials merely rubber stamped the counselor's responses. He does not allege that on these seven occasions (over the course of more than a year), that he suffered any serious medical consequences. Plaintiff has failed to state a claim based on these allegations.

Plaintiff's contention that grievance officials did nothing is unfounded. The grievances that he attached to the complaint show that the counselor communicated with Defendant Kohn, the head of the dietary department, on each occasion to verify that Plaintiff had a therapeutic diet, and that dietary was following policies for special diets. As to the first grievance, Kohn verified that the IDOC policy had been followed. As to the second grievance, the counselor found that Plaintiff's therapeutic diet prescription had lapsed, a possible cause for the wrong meal on March 13, 2020, and that on March 18, 2020, Dr. Pittman re-issued the therapeutic diet order. The dietary department indicated that after the March 18 prescription, the dietary department followed the master menu for therapeutic diets which sometimes allows items like pudding that Plaintiff complained about. These grievances responses show that at the level of first review, the counselor did in fact take time to review the substance of Plaintiff's contentions.

Even if the grievance officials could have more thoroughly investigated Plaintiff's grievances, the contents of the grievances are not the sort that fit within the Seventh Circuit's narrow allowance for claims if an official ignored a serious medical issue.

Plaintiff did not allege that as a result of the outcome of the grievance process, he was made to suffer a serious medical issue at great length. At most, Plaintiff missed two snacks, and four meals, over the course of more than a year. This is not sufficient to state a claim against grievance or medical personnel.

After a thorough review of the Complaint the Court finds that Plaintiff has failed to plead an adequate claim. Rather than dismiss the case in the entirety, the Court will give Plaintiff an opportunity to file an amended complaint about the same issues raised in the original complaint. If Plaintiff decides to file an amended complaint, he should carefully outline the personal actions that each defendant took that caused him harm. An amended pleading will completely replace the original, so Plaintiff needs to include everything that he wants considered in a single document. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to file a timely amended complaint will result in the dismissal of this lawsuit. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

### Disposition

Plaintiff is **DIRECTED** to file an Amended Complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order. If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 21, 2022

_____
DAVID W. DUGAN
United States District Judge