IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DON LIPPERT, <br> B74054, <br>      Plaintiff, <br><br> vs. <br><br> JEREMY KOHN, <br> JOHN DOES 1-4, <br> JANE DOES 1-4, <br> MS. WALKER. <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 21-cv-423-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

  On March 21, 2022, Plaintiff Don Lippert, an inmate of the Illinois Department of Corrections (IDOC) was directed to file an amended complaint in this civil rights matter because his original complaint failed to state a claim. (Doc. 6). In his amended complaint, Plaintiff alleges that two dietary supervisors, and eight John/Jane Doe dietary workers violated his Eighth and Fourteenth Amendment rights by serving him meals that did not comply with his prescribed diabetic diet. (Doc. 9). Plaintiff identified two specific grievances to support his claims. The amended complaint is now before the Court for initial review under 28 U.S.C. § 1915A.

  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or

asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Amended Complaint

The factual allegations are largely consistent with the original complaint. The Court dismissed the original complaint because Plaintiff framed his claims as deliberate indifference based on the non-response or on improper responses to grievances about his dietary issues, and an inmate does not have a right to a specific outcome from grievance proceedings. (Doc. 6). The Court also noted that Plaintiff did not make allegations that tended to suggest he was left to suffer a serious medical complication at length. In the amended complaint, Plaintiff attempted to remedy these errors.

Plaintiff alleges that he suffers from Type 1 diabetes, which is considered to be a serious and chronic condition. (Doc. 9 at 3). In 2005, the IDOC made changes to the "Low Concentrated Sweets" or "LCS" diet for diabetic individuals, which were distributed to all facilities. Plaintiff alleges that despite his repeated complaints to medical officials that he was not receiving the proper LCS diet, defendants remained non-compliant with his medically prescribed diet. (Doc. 9 at 3). He characterized the non-compliance as "disregard" or "deliberate indifference" to his serious medical needs. (Doc. 9 at 3-4). He additionally alleges that, as a result he suffers ongoing injuries of "worsening diabetic neuropathy, worsening headaches, worsening eye vision, and severe fluctuating blood sugar levels." (Doc. 9 at 4).

Plaintiff claims that on February 27, 2019, he was prescribed an LCS diet with double snack bags and his prescription was distributed to all defendants. (Doc. 9 at 4). Despite knowledge of the prescription, he claims that on June 18, 2019, he was forced to file a grievance against Defendant Kohn and others because Kohn had instructed staff not to honor orders for double snack bags. Plaintiff argues that because the IDOC therapeutic diet manual states that diets should be ordered based on individual need, and because he had a prescription for double snack bags, Kohn and his staff undermined his prescribed diet. (Doc. 9 at 4-5). He generally alleges that, without a special diet he suffers ongoing injuries of worsening neuropathy, headaches, and vision, as well as severe fluctuations in blood sugar. (Doc. 9 at 5).

On November 13, 2019, his therapeutic diet was renewed, and defendants Walker and the John/Jane Does were informed of his diet. On March 13, 2020, this dietary order expired. He claims that on this same day one of the Jane or John Does knowingly and intentionally gave him a standard dietary tray with items prohibited by his physician's order. (Doc. 9 at 5-6). On March 18, 2020, his diet was again renewed, and the prescription was distributed to all defendants. (Doc. 9 at 6). Plaintiff alleges that he repeatedly complained to medical officials that his diet was not followed, and that he received the standard diet. On April 8, 2020, his prescribed diet was modified to reflect "LCS Diet with a PM Snack and a Mid-morning snack bag as well, along with special comments: 0 sugar filled sauces including: BBQ Sauce, Brown Sugar Sauce, Sloppy Joe Sauce diet for 120 days—a four-month duration." (Doc. 9 at 6).

Despite the modified April 8, 2020, diet, Plaintiff alleges that on April 10, he was given a standard tray that included pudding, on April 13, he was given a standard tray that had a dessert, and on April 18, he was given a standard tray that had a prohibited jello dessert. (Doc. 9 at 6-7). He alleges that he spoke to his wing officer about the three incidents, and his wing officer told him that Defendant Walker said, "If I send an "LCS" tray that means his sugar intake does not warrant him to have a regular tray, but if his sugar intake does warrant him to have a regular tray he will only get that." He claims that Walker's response shows deliberate indifference to his prescribed diet.

On April 19, 2020, he alleges he got a standard tray that had both dessert and sloppy joes. (Doc. 9 at 7). He claims he grieved the issue, but the response was that the dietary guidelines are followed, and pudding is sometimes allowed depending on other items served. (*Id.*).

Plaintiff broke his amended complaint into two separate claims. First, he argues that all June 18, 2019 grievance defendants failed to follow his medically prescribed diet by : "(a) refusing to take corrective action measures; (b) allowing and condoning the actions of each other to disregard an instituted dietary policy for any "LCS" diets, that are medically prescribed at Lawrence; (c) refusing to follow the therapeutic diet manual of IDOC for diabetic diets; and (d) implemented a cost cutting policy at Lawrence that resulted in its failure to provide the medically prescribed "LCS" diet to Plaintiff." (Doc. 9 at 9). Plaintiff alleges that the defendants' actions constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments, and they continue to refuse to provide him with the appropriate diet.

In Claim 2, Plaintiff alleges that the June 19, 2020, grievance defendants failed to provide him an adequate diet because they knew that the standard prison diet lacked adequate calories and nutritional values, and thus put him at a substantial risk of harm. (Doc. 9 at 10). He repeated the a-d factors quoted above. For both claims he seeks declaratory, injunctive, and other damages as appropriate. (Doc. 9 at 11).

In support of the complaint, Plaintiff supplied a June 18, 2019, grievance, and an April 19, 2020, grievance. In the June 18, 2019, grievance, Plaintiff complained that Defendant Kohn disallowed his prescribed double snack bags on two dates. (Doc. 9 at 13). In response, the counselor indicated that the therapeutic diet manual is followed. The grievance officer verified that Plaintiff had a diet order for double snacks but noted that the officer was unable to substantiate Plaintiff's claim that the order had not been followed. (Doc. 9 at 14). The April 19, 2020, grievance concerned the incidents in March and April of 2020 when Plaintiff alleged that he was not provided the right trays, some of which included desserts. (Doc. 9 at 20). In response, the counselor indicated that per Defendant Kohn, the dietary department followed the therapeutic diet, which occasionally allowed pudding depending on other foods offered. Plaintiff also included copies of his therapeutic diet orders, and excerpts of the IDOC dietary manual.

## Analysis

An inmate claiming a violation of the Eighth Amendment must show more than negligence, medical malpractice, or disagreement with a prescribed course of treatment; the inmate must demonstrate that prison staff was deliberately indifferent to an objectively serious medical condition. *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir.

2016). "Where, as here, an inmate sues prison employees who are not part of the medical staff, deliberate indifference can be shown with evidence that those employees ignored or interfered with a course of treatment prescribed by a physician." *Id.* A serious condition can be acute or chronic. *Id.* In *Hardy*, the Seventh Circuit found that summary judgment should not have been granted in defendants' favor where a warden and assistant warden administratively discontinued a low cholesterol diet that plaintiff argued he needed, in combination with medications, to reduce and maintain healthy cholesterol levels. The Court reasoned that a jury could infer a risk of danger from plaintiff's chronic condition and the ongoing lack of the diet.

To successfully sue a defendant for a prison dietary issue, a Plaintiff needs to allege "that he suffered an objectively, sufficiently serious deprivation, and that [the defendant] was deliberately indifferent to that deprivation." *Gates v. Huibregtse*, 69 Fed. App'x 326, 327 (7th Cir. 2003). "A plaintiff does not have to prove that his complaints were literally ignored, but only that 'the defendants responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Cesal v. Kruse*, 2019 WL 4228713 at *6 (S.D. Ill. 2019). "Food served in prison must be nutritious, but it does not have to be delicious or even particularly appetizing." *Gates*, 69 Fed. App'x at 327. To state a Fourteenth Amendment claim related to a dietary change, a Plaintiff would need to demonstrate that the change inflicted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 328. "[M]erely to establish that he has been denied appropriate medical treatment and diet would not prove that [plaintiff] had been subjected to cruel and unusual

punishment." *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Additionally, a temporary dietary change, is not enough to constitute an atypical and significant hardship. *Gates*, 69 Fed. App'x at 328.

Specifically, regarding prison diets for diabetics, courts have generally found that dietary issues are insufficient to state a claim if an inmate cannot show medical detriment. In *Williams v. Hartz*, 43 Fed. App'x 964, 966 (7th Cir. 2002), an inmate's claim that his physician was deliberately indifferent for refusing a special diabetic diet was defeated on summary judgment because the physician monitored plaintiff's diabetes and noted that given plaintiff's own habits the special diet may actually be harmful.

Although Plaintiff attempted to reframe his complaint to focus on deliberate indifference by the lack of adequate meals, rather than on deliberate indifference based on the non-response to grievances, the Court still finds that he has failed to state an adequate claim. Plaintiff's amended complaint, like the original, demonstrates that on a handful of occasions over the span of more than two years, he alleges that he did not always receive meals that he believed were compliant with his prescribed diet. He mentions in his amended complaint that he often complained directly to his medical providers about this issue, but he does not elaborate on their responses, nor does he give any information about the medical detriment of these isolated incidents. Some of his allegations suggest that there might not have been a medical detriment. For example, he alleges that during the series of allegedly incorrect trays in April of 2020, his wing officer contacted Defendant Walker, who stated that a regular tray would be sent if it fit within his dietary allowances for the day. He argues that this shows that Walker did not comply

with his diet, but to the contrary, this suggests that Walker was mindful of the dietary guidelines and endeavored to follow them, even if it meant that sometimes a regular tray was permissible.

The most obvious example of Plaintiff receiving an incorrect or inadequate tray occurred on April 19, 2020, because Plaintiff alleged that he received a tray with a dessert and with sloppy joe. (Doc. 9 at 7). This meal appears to directly violate the April 8, 2020, modification to his diet which indicated that he should not have sloppy joe sauce for 120 days. (Doc. 9 at 6). Plaintiff alleges that this meal was provided by one of the John or Jane Does, and that he grieved the incident that same day. He claims that Kohn told the counselor that the prescribed therapeutic diets had been followed that day. After this April 19 incident, Plaintiff does not allege any more discrete incidents of issues with his trays. He generically alleges that defendants continue to refuse to provide him with the proper medically necessary diet, but he is no longer at Lawrence.

In total, the Court does not find that the incidents Plaintiff identified amount to a constitutional violation either via deliberate indifference or as cruel and unusual punishment. In his enumerated claims, Plaintiff alleges that the defendants acted pursuant to a policy to save money, but he does not have any factual allegations to back this claim, nor does he tie it to individual actors, so it is insufficient. As to deliberate indifference, the Court accepts that his condition of Type 1 diabetes is a sufficiently serious medical condition, but the allegations are not sufficient to show intentional wrongdoing on behalf of the defendants. On each occasion when Plaintiff filed a grievance about his situation, it appears that his counselor or prison staff contacted the

dietary unit to ensure awareness of his dietary needs. After the most obvious violation of his diet, the sloppy joes on April 18, 2020, he does not specifically describe a time when he received another incorrect meal.

Additionally, the total lack of information about any detrimental effects of the dietary issues is troubling. Although a chronic condition does not always manifest with acute repercussions, a plausible claim concerning a medically necessary diet for diabetes likely would be backed by some evidence of an immediate impact. Unlike a medical condition like cholesterol that can deteriorate without obvious short-term consequences, diabetes can have immediate and easily measurable side effects. *Compare McDonald*, 821 F.3d at 888 (explaining the potential impacts of permanent discontinuation of a low cholesterol diet) *with Williams*, 43 Fed. App'x at 966 (discussing management of diabetes by prison health care provider). Plaintiff vaguely alleges that he may experience worsening neuropathy, headaches and vision, or that his blood sugar could be poorly controlled, but he never once alleges that he actually experienced an acute incident of this nature. Given the absence of any acute medical repercussions, as well as the limited reoccurrences of Plaintiff's alleged dietary problems, the Court finds that Plaintiff has failed to state an adequate claim against any of the named defendants.

## Disposition

Plaintiff's Amended Complaint [Doc. 9] is **DISMISSED** for failure to state a claim against all named defendants. The Court does not find that Plaintiff will benefit from an additional opportunity to amend his complaint. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and to close this case.

**IT IS SO ORDERED.**

Dated: June 22, 2022

_____
DAVID W. DUGAN
United States District Judge